UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | | |
|---|---|---|
| KHOLMAKHMATOV SUKHROB, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 4:26-CV-391-CHB |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| MIKE LEWIS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court on the Petitioner's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. [R. 1]. The respondents have filed a response, [R. 7], and Petitioner replied. [R. 10]. For the reasons set forth herein, the Court will deny the petition due to Petitioner's failure to exhaust administrative remedies.

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). In seeking habeas relief, the petitioner bears the burden of proving by a preponderance of the evidence that his or her detention is unlawful. *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

In the present case, Petitioner challenges his continued detention and alleges violations of the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. [R. 1, pp. 9–21]. The parties do not dispute that Petitioner is and has been detained under 8 U.S.C. § 1226 and is therefore entitled to a bond hearing pursuant to the Sixth Circuit's decision in *Lopez-Campos*

1

*v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). *See* [R. 1, pp. 18–19]; [R. 7, p. 3]. The record, however, does not reflect that Petitioner has exhausted the available administrative remedies even though Petitioner's arrest and detention occurred after *Lopez-Campos*, and Respondents concede that 8 U.S.C. § 1226(a) applies to Petitioner. [R. 7, pp. 3–4]. That is, Petitioner has never requested a bond hearing before an immigration judge. *See id.* The Court must therefore consider whether Petitioner should exhaust these administrative remedies prior to seeking habeas relief.

To determine whether prudential exhaustion should be required, courts within this circuit have applied the three-factor test, as set forth in *United States v. California Care Corp.*, 709 F.2d 1241, 1248 (9th Cir. 1983). *See  Lopez-Campos v. Raycraft*, 797 F. Supp. 771, 778 (E.D. Mich. Aug. 29, 2025). Under that test, prudential exhaustion may be required when:

> (1)    agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision;
> (2)    relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and
> (3)    administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id.* (citing *Shweika v. Dep't of Homeland Sec.*, No. 1:06-CV-11781, 2015 WL 6541689, at *12 (E.D. Mich. Oct. 29, 2015)).

Since the Sixth Circuit issued its decision in *Lopez-Campos*, Respondents have indicated their commitment to apply that law and provide bond hearings to detainees like Petitioner, who are detained under § 1226. And on the current record, there is nothing to suggest that administrative review of the controlling legal question of whether Petitioner is entitled to bond would not result in an agency decision consistent with that law. Therefore, exhaustion is not futile in this case, and Petitioner must exhaust his administrative remedies by seeking a custody redetermination hearing before an immigration judge.

Accordingly, the Court being sufficiently advised, **IT IS HEREBY ORDERED** as follows:

2

3

1. The Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, [**R. 1**], is

   **DENIED without prejudice**.

2. This matter is **DISMISSED** and **STRICKEN** from the Court's active docket.

3. A separate judgment shall issue.

   This the 16th day of July, 2026.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY